## McGrath v. City of Shelbyville

(Decided November 9, 1923.)

### Appeal from Shelby Circuit Court.

Municipal Corporations—Tax Collector Held Not Entitled to Additional Compensation for Collecting Additional Taxes, and Constitutional Provision Concerning Changes in Compensation Not Offended.—Where a tax collector was appointed by a city of the fourth class, his compensation to be 2½ per cent, on all taxes and license fees collected by him for said city, and the General Assembly subsequently passed Acts 1920, c. 14, providing for the board of education of a city of the fourth class to levy taxes for school purposes to be collected by the city collector, held that such tax collector was only entitled to 2½ per cent. on all the taxes collected by him, and was not entitled to 4 per cent. for the school taxes collected under the act of 1920, and such act, providing for the collection of more taxes than was his duty at the time of his election, did not offend Constitution, section 161, prohibiting the changing of compensation of public officers during their terms.

WILLIS, TODD & WILLIS for appellant.

E. H. DAVIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Shelbyville is a city of the fourth class, and it, November 20th, 1919, passed an ordinance which was duly published, fixing the future compensation of its treasurer-collector. The ordinance in part reads:

"That the compensation of the treasurer-collector of the city of Shelbyville, Kentucky, be and the same is hereby fixed at 2½ per cent on all taxes and license fees collected by him for said city. . . . " .

A council of a city of the fourth class is empowered to appoint a collector at a regular meeting, who shall hold his office for two years from his appointment. His qualifications are prescribed by a section of the statutes, in part reading:

"It shall be the duty of said collector to collect all dues owing to the town, placed in his hands. The council shall fix by ordinance, previous to his appointment, the compensation for his services."

The general assembly at its 1920 session passed an act providing in substance for the board of education of a city of the fourth class to prepare a school budget and levy taxes for school purposes to meet the budget and to certify the tax·rate and budget to the city council, and making it the duty of the city council in the preparation of its tax bills to place the school tax upon the city tax bills for collection by the city collector; and further making it the duty of the collector of the city tax to collect the school tax at the same time and in the same manner as he collected the city taxes. Under this arrangement taxation for the benefit of the city schools is made a part of the city taxes although appropriated to a specific purpose.

While the ordinance copied in part above related only to city taxes, collected by the collector in 1919, and subsequent years, it had equal application to taxes levied for school purposes in the city when placed upon the city tax bills, and the tax books were delivered to the collector as other city tax bills for collection, and it became his duty as collector of city taxes to collect all the taxes which were authorized by the city, whether for schools or other departments of the city government. The fact that he was required, under the new arrangement provided for by the 1920 act, to collect more taxes than was his duty at the time of his election did not offend section 161 of the Constitution, which prohibits the changing of compensation of public officers during their term of office by raising or decreasing the salary or commission. ·The collector received the same number of tax bills but the amounts were greater and his commission was correspondingly greater. It was not a hardship upon appellant McGrath but rather an advantage. He was entitled to 2½ per cent of the total tax bills collected by him, except as modified by the ordinance. He was not entitled to four (4%) upon any of it.    As collector-treasurer it was

his duty to collect all of the city taxes for whatever pur-
pose levied and his compensation was fixed at 2½ per
cent. We think the judgment of the lower court gave him
all the relief to which he was entitled.

Judgment affirmed.